---The opinion of the Court was delivered by
Mr. Justice Grimice.
I should not do justice to myself, did Í not state that the counsel must have totally mistook the tenour of the charge I delivered to the J ury : they must have interpreted the several observations I made on the evidence, as I was detailing it, for an opinion which was to govern the J ury; whereas, after having made my reflections on the several parts of the evidence, as they appeared to me, I left the whole of the facts arising out of the evidence for their final determination. Neither is this the only point in which the brief is incorrect; for it mentions, on the subject of the word “ void,” that the witnesses were unable to say whether this was Fitzpatrick's handwriting or not; whereas Culpepper testified that he did not believe it to be his handwriting, which I think is as strong evidence as is usually given in a Court of justice by a conscientious witness, which is always deemed sufficient in cases of life and death. The brief has also represented as a fact, that the word “ void” was on the paper of 1806, when it came out of the hands of the plaintiff’s wife; whereas no such fact was sworn to, nor was there any proof whatever when the word “ void” was first observed on the will. It might have been presumed that it was there when she first *399 produced it, but there is a stronger presumption arising on the other side, that it was not there at that period, since it was proved not to be the handwriting of Fitzpatrick, and that it can scarcely be imagined that she, who had the custody of this will, or her friends, would write a word on the will, which would have a tendency at least to raise a suspicion of the authenticity of that will, or which might destroy the hopes she had under it, and wherein provision was made for her and her son. Having made these observations on the inaccuracy of the statements in the briefs, I conclude by saying, that, after a review of all the circumstances of this cáse, I am confirmed in the propriety and legality of the opinion I submitted to the Jury, and of their verdict thereon; fori have no doubt that any of the wills produced .on the trial, was a good will, and sufficiently executed to make it a legal one, to pass personal property, according to the practice of this country for more than a century past, and the legal decisions which have taken place on that point: and, 2d, that the will of 1806 was, and ought to be, the last of these three wills: and, 3d, the circumstance of this will having been left in the unfinished state in which it was found, did not vfi tiate it; for not one of the numerous authorities quoted by the counsel for the defendants, come up to the point in this case. All of them were of papers intended as minutes or memorandums of wills to be made, and which appeared by some *400 act of the person intending to make a will hereafter, or some declaration which went to prove that what they had done was not final and conclusive ; whereas Fitzpatrick, in this case, has given the best commentary on the effect which the papers he wrote as wills were to have: he himself has given a construction to them, which cannot be mistaken; for if he had not considered the wills of 1802, and 18 — , as perfect and legal wills, and that there was no occasion to add any thing further to them, to make them such, he would not have inserted clauses of revocation by which these anterior wills were to be nullified.
I am, therefore, of opinion, that the motion for & new trial should be discharged.
Colcoclc, Cheves, Gantt, and Johnson, J. concurred.